UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BONNIE AMOM

    Plaintiff,

V                                         CIVIL ACTION NO.

BELLE GROVE MHP, LLC                        WDQ 10 CV 2227

    Defendant.                                AUGUST 11, 2010

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

    1. Plaintiff institute this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violation of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 et seq., 15 U.S.C. § 2301 et seq., violation of Md. Ann. Code § 2-608 Revocation of Acceptance, and for Common Law Fraud

**II. JURISDICTION**

    2. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

    3. This court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

3. Plaintiff is a resident of the Town of Brooklyn Park and the State of Maryland.

4. Defendant Belle Grove MHP, LLC ("Grove"), is a domestic corporation with a principal place of business at Suite #, 2131 Espey Court, Crofton, MD 21114.

6. At all times relevant hereto, the Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a) (17).

5. On or about April 21, 2010, Plaintiff entered into a contract to purchase and finance the mobile home at 6 Pebble Drive, Brooklyn Park, MD 21225.

6. Plaintiff agreed to pay the Defendant $8,000.00 to purchase the Mobile Home.

7. Plaintiff made a down payment of $1,000 and financed $7,000 plus interest from the Defendant.

## IV. FACTUAL ALLEGATIONS

8. On or about April 1, 2009, Plaintiff made a telephone inquiry to Defendant about obtaining credit to purchase a used Mobile Home for personal, family and household purposes.

9. On or about April 21, 2009, Plaintiff executed a promissory note and security agreement for that purpose, which transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2. A true and accurate copy of the combined note and security agreement is attached hereto as Exhibit A.

10. The security agreement lists as collateral the mobile home purchased with the proceeds of this loan.

12. The Truth in Lending Disclosure statement prepared by defendant disclosed an amount financed of $7,000, failed to disclose a finance charge, an annual percentage rate of 12.00%, and a security interest in the Mobile Home purchased.

## V. FIRST CAUSE OF ACTION

13. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

   a.   By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

   b.   By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

   c.   By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a) (9) and Regulation Z § 226.18(m).

   d.   By failing to include in the finance charge certain charges imposed by Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d).

14. By reason of the aforesaid violations of the Act and Regulation Z, Defendant is liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs in accordance with 15 U.S.C. § 1640.

## SECOND COUNT:

15. The allegations of the First Count are repeated as if fully set forth herein.

16. Plaintiff provided notice to Defendant Grove of their revocation of Acceptance, pursuant to Md. Ann. Code, U.C.C. § 2-608, entitled Revocation of Acceptance as to the Mobile Home whose nonconformity of condition has substantially impaired the value of the Mobile Home.

17. Plaintiff is entitled to their actual damages, and consequential damages.

## THIRD COUNT:

18. The allegations of the First Count are repeated as if fully set forth herein.

19. Plaintiff, at time of purchase discussed with Defendant if the condition of the Vehicle was of the standard that it advertised the Mobile Home to be and Defendant responded that it was.

20. Defendant knew its statements made to Plaintiff were misrepresentations at the time Plaintiff inquired.

21. Defendant intended that Plaintiff rely on its false representations.

22. Plaintiff did in fact rely on the representations made by Defendant.

23. Plaintiff has been damaged in that the Mobile Home was not in the condition that Defendant had represented it to be.

## FOURTH COUNT

24. The allegations of the First Count are repeated as if fully set forth herein.

25. Defendant is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law § 13-101(g) and is subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices including those in Md. Ann. Code Comm. §§ 13-401 and 13-303.

26. Defendant's sale of the Mobile Home without disclosing that the Mobile Home had serious leaks allowing moisture to build up and cause deadly mold to accumulate.

27. The Defendant sold the Mobile Home to the Plaintiff without having good title and as a result the Plaintiff was unable to register or insure the Mobile Home.

28. Plaintiff Bonnie Amon was admitted to the Hospital for over a week due to a severe lung infection caused by the mold in the Mobile Home.

29. As a result of Defendant's actions, Plaintiff Bonne Amon has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction of this case;

2. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

3. Award statutory damages in the amount of twice the finance charge in accordance with 15 U.S.C. § 1640(a)(2);

4. Award Plaintiff costs and reasonable attorneys fees in accordance with 15 U.S.C. § 1640;

5. Award Plaintiff actual damages and consequential damages on Count II.

6. Award Plaintiff actual damages and special damages on Count III.

7. Award Plaintiff statutory damages pursuant to the MCDCA.

8. Award such other relief as the court deems appropriate.

THE PLAINTIFF

BY /s/ [signature]
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Tel. (443) 607-8901
Fax. (443) 607-8903
Fed. Bar # MD 26843
Email- bernardtkennedy@yahoo.com